UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LINDA SHAFFER,

     Plaintiff,

v.                              CASE NO. 8:23-cv-571-SDM-AEP

WILMINGTON SAVINGS
FUND SOCIETY, FSB, et al.,

     Defendants.
_____/

## **ORDER**

In February 2022, Linda Shaffer attended a telephone conference with Darlene Kay Wente, Marina Akrabian, and Ismael Rodriguez — three "arbitrators" appointed by National Arbitration Association, LLC, a Nevada limited liability company. During the conference and without appearance by another party (certainly without the respondents against whom Shaffer attempts to enforce the purported arbitral award), Shaffer and the "arbitrators" apparently discussed the 2002 mortgage on Shaffer's $154,500.00 home; Shaffer's defaulting on the mortgage; and the allegedly false foreclosure of the lien on Shaffer's home. Shaffer leaves much of the conference to the imagination and attaches no transcript or summary of the conference. But following the conference, the "arbitrators" issued "a sealed default award," which (in addition to discussing a "common law constitutional provision," describing Shaffer's mortgage as a "Maritime Transaction," and sporadically citing

irrelevant and out-of-context court opinions interpreting the Federal Arbitration Act) awards Shaffer $3,600,000 in "compensatory" damages; $1,000,000 for "civil rights abuse;" and $5,000,000 in "punitive damages."

Armed with this facially dubious award, Shaffer, appearing *pro se*, petitions (Doc. 1) to confirm the purported arbitral award against six respondents — none of whom signed an arbitration agreement with, or otherwise agreed to arbitrate with, Shaffer. Two of the respondents separately respond (Docs. 3 and 15) and argue that the award is a sham that warrants vacatur. The remaining respondents jointly move (Doc. 7) to dismiss and — in addition to arguing that the award is fraudulent — argue that Shaffer fails to invoke subject-matter jurisdiction. Although she "responds" (Docs. 16 and 18) to the two responses to her petition and opposes (Doc. 17) the motion to dismiss, Shaffer declines to state whether her award is valid or whether her petition invokes subject-matter jurisdiction. Instead, Shaffer argues that each of the respondents' objections or defenses are "time barred" because the respondents never asserted the defenses at the "arbitration."

To confirm an arbitral award, a petitioner "must demonstrate independent grounds of federal subject matter jurisdiction." *Boustead Sec. LLC, v. Unation, Inc.*, 2023 WL 2374074, at *1 (M.D. Fla. 2023) (Honeywell, J.); *Quick & Reilly, Inc. v. Saglio*, 717 F. Supp. 822, 824 (S.D. Fla. 1989) (Spellman, J.). According to *Vaden v. Discover Bank*, 556 U.S. 49, 59 (2009) (quoting *Hall Street Associates, L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 581–582 (2008)), the Federal Arbitration Act (FAA) "'bestow[s] no federal jurisdiction but rather requir[es] [for access to a federal forum] an

independent jurisdictional basis.'" (alterations in original)  In other words, Shaffer cannot rely on the FAA to invoke federal jurisdiction.  The petition attempts to invoke jurisdiction under the "Statutes and Court Rules of the State of Florida."  But no state statute or procedural rule confers federal subject-matter jurisdiction.  Instead, Shaffer must invoke jurisdiction under a federal statute such as 28 U.S.C. § 1331 or 28 U.S.C. § 1332.  Because Shaffer and at least three respondents are Florida residents, however, the petition confirms that Shaffer cannot invoke jurisdiction under 28 U.S.C. § 1332.  No other plausible basis for jurisdiction appears.  This action warrants dismissal for failure to invoke subject-matter jurisdiction.

But even if Shaffer invoked federal subject-matter jurisdiction, this action is patently frivolous.  Attempting to legitimize the "arbitration," Shaffer appends (Doc. 1-2 at 2) a "binding arbitration agreement" which suggests that in 2002 BankUnited, a non-party, agreed with Alan Breslow and Shaffer to arbitrate disputes about Breslow's and Shaffer's mortgage.[1]  The purported arbitration agreement, which bears no signature but includes someone's initials, requires that the arbitration occur in Florida or another location mutually agreeable to the parties, requires that an arbitrator experienced in loan management or banking conduct the arbitration, requires the production of a written record of the arbitration hearing, and requires that the arbitrators explain in writing each conclusion of law or fact.

---

[1] Shaffer reports (Doc. 1-2 at 52) that in 2009 she defaulted on the mortgage, confirms (Doc. 1-2 at 31–33) that she failed to pay the mortgage, and demonstrates (Doc. 1-2 at 77–78) that the house subject to the mortgage was sold in foreclosure.

- 3 -

Under *First Options of Chicago, Inc., v. Kaplan*, 514 U.S. 938, 943 (1995), "arbitration is simply a matter of contract between the parties; it is a way to resolve those disputes — but only those disputes — that the parties have agreed to submit to arbitration."  In other words, only the parties to the arbitration agreement must abide by the agreement, and the arbitration must conform to the parties' agreement.  *E.E.O.C. v. Waffle House, Inc.*, 534 U.S. 279, 289 (2002) ("For nothing in the [FAA] authorizes a court to compel arbitration of any issues, or by any parties, that are not already covered in the agreement."); *United Steelworkers of Am. v. Warrior & Gulf Nav. Co.*, 363 U.S. 574, 581 (1960) ("[The arbitrator] has no general charter to administer justice for a community which transcends the parties.  He is rather part of a system of self-government created by and confined to the parties.").

But the telephone conference between Shaffer and the "arbitrators" contradicts the purported arbitration agreement.  The agreement contemplates arbitration with BankUnited — not six other parties who never agreed to arbitrate.  Shaffer fails to explain why the agreement is enforceable against any of the respondents, and the "arbitral award" fails to explain why the agreement extends to parties who never agreed to arbitrate.  The award suggests that the respondents "acquiesced" to the "arbitration" by failing to respond to several letters.  But a party's silence generally constitutes no acceptance, and "the offer[o]r cannot prescribe conditions of rejection [] to turn silence on the part of the offeree into acceptance."  *West Construction, Inc., v. Florida Blacktop, Inc.*, 88 So. 3d 301, 304–05 (Fla. 4th DCA 2012); *Long Term Management, Inc., v. University Nursing Care Center, Inc.*, 704 So. 2d 669, 675 (Fla. 1st

DCA 1997).  Thus, the record confirms that Shaffer cannot compel the respondents to arbitrate or enforce against the respondents the "arbitral award."

Further, the telephone conference ignored the requirements of the purported arbitration agreement.  The agreement requires that the arbitration occur in Florida, not over a telephone conference organized by a Nevada LLC.  Also, the agreement requires the production of a written record of the hearing, but a search of the petition and the two-hundred pages attached to the petition reveals no record of the conference except for an "affidavit" signed by one of the "arbitrators," who states that an arbitration occurred by telephone on February 24, 2022, and that "Linda Shaffer did read orally Linda Shaffers [sic] Affidavit with claims, which provided enough evidence to rule in favor for Linda Shaffer due to responants [sic] violation of a [sic] Arbitration Clause."  Curiously, the "affidavit" suggests that the arbitrators awarded damages "totalling $5,000,000," but this amount conflicts with the itemized damages in the "arbitral award" Shaffer petitions to confirm.

Finally, the agreement requires the "arbitrators" to explain in writing each conclusion of law or fact.  Shaffer's "arbitral award" (Doc. 1-2 at 5–15), however, mentions without context or application a statute and an executive order (neither of which have any apparent application to Shaffer's alleged dispute) before rambling for almost ten pages.  *U.S. Bank National Association v. Nichols*, 2019 WL 4276995, at *3–4 (N.D. Okla. 2019) (Dowdell, C.J.), reviewing a strikingly similar "award" purporting to resolve a dispute about a mortgage but awarding much lower damages, describes the "award" as "uninformative blatherskite" and determines that the "award"

"does nothing to undermine the foreclosure proceedings." Like the "award" in *Nichols*, Shaffer's "award" fails to coherently explain the decision of the "arbitrators" and fails to support the damages the "award" grants to Shaffer.

In addition to failing to invoke subject-matter jurisdiction, Shaffer fails to adduce any legitimate reason to believe that this "arbitral award" is enforceable against these respondents. And the "award" fails to comply with the purported arbitration agreement that Shaffer attempts to invoke. The Superior Court of California, County of Los Angeles, dismissed a similar "arbitral award" prepared by the National Arbitration Association, LLC, and signed by Marina Akrabian, Ismael Rodriguez, and Pamela K. Zander, the "administrator" of National Arbitration Association, LLC. *Chapman v. Federal Home Loan Corp.*, No. 21STCP02904 (Cal. Super. 2021) (dismissing a petition to confirm an "arbitral award" because the petitioner failed to submit evidence that the respondents signed an arbitration agreement and failed to submit evidence that the petitioner served the respondents). Like Shaffer's "award," the "award" dismissed in *Chapman* recites much of the same "uninformative blatherskite" as Shaffer's "award," determines that the defendants defaulted by not appearing, and purports to grant to the petitioner several million dollars in damages. Shaffer's attempt to confirm a facially unenforceable award is patently frivolous.

To echo an ever-growing chorus of courts confronted with similar "arbitral awards," the petition is **DENIED**, and this action is **DISMISSED** for frivolousness and for lack of subject-matter jurisdiction. *See e.g., Nash v. Bank of Am., N.A.*, 2020 WL 7768462 (M.D. Fla. 2020) (Dalton, J.); *Quamina v. U.S. Bank Nat'l Ass'n*, 2020

WL 9349559 (S.D. Fla. 2020) (Ruiz, J.); *Nichols*, 2019 WL 4276995; *Meekins v. Lake-view Loan Servicing, LLC*, 2019 WL 7340300 (E.D. Va. 2019) (Novak, J.).

This is at least the second time an order dismisses a petition to confirm an "award" prepared by the National Arbitration Association, LLC, and signed by Marina Akrabian, Ismael Rodriguez, and Pamela K. Zander.  And Shaffer is actively petitioning the District of Nevada to confirm against different respondents an almost identical "award."  *Shaffer v. McCormick 106, LLC, et al.*, No. 2:23-cv-862-RFB-BNW (D. Nev.).  Shaffer's conduct evinces bad faith and likely warrants sanction.  Jurisdiction is reserved for **THIRTY DAYS** to resolve any motion by the respondents for an attorney's fee.[2]  The clerk must enter a judgment of dismissal for lack of subject-matter jurisdiction and for frivolousness, must terminate each pending motion, and must close the case.

ORDERED in Tampa, Florida, on July 14, 2023.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE

---

[2] The respondents may move collectively or separately.

- 7 -