UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LINDA SHAFFER,

     Plaintiff,

v.                                        CASE NO. 8:23-cv-571-SDM-AEP

WILMINGTON SAVINGS
FUND SOCIETY, FSB, et al.,

     Defendants.
_____/

**ORDER**

Armed with a facially frivolous "arbitration award" that purports to award millions of dollars for the allegedly false foreclosure of the lien on her home, Linda Shaffer, who appears *pro se*, petitioned to confirm the putative "arbitration award" against six respondents — none of whom signed an arbitration agreement with, or otherwise agreed to arbitrate with, Shaffer. A July 14, 2023 order (Doc. 20) dismisses the action for frivolousness and for lack of subject-matter jurisdiction but permits the respondents to move for an attorney's fee. Robertson, Anschutz, Schneid, Crane & Partners (RAS), which is both a law firm and one of the respondents against whom Shaffer attempted to confirm the "arbitration award," timely moves (Doc. 22) for an attorney's fee of $8,750.[*] Shaffer responds (Doc. 24) in opposition.

As explained in the July 14 order, the "arbitration award," which, among other things, discusses a "common law constitutional provision," describes Shaffer's

---

[*] RAS is the only respondent that moves for an attorney's fee. One of RAS's attorneys, Keith R. Lorenze, represented RAS in this action.

mortgage as a "Maritime Transaction," and sporadically cites irrelevant and out-of-context court decisions interpreting the Federal Arbitration Act, fails entirely to comport with any requirement of Shaffer's alleged arbitration agreement, and Shaffer fails entirely to present a cognizable basis to enforce the "arbitration award" against six respondents who never agreed to Shaffer's alleged arbitration agreement or any other agreement to arbitrate with Shaffer.  The July 14 order cites several decisions that dismiss similar frivolous "arbitration awards."  For example, the order notes that the Superior Court of California, County of Los Angeles, dismissed a similar "arbitration award" prepared by the National Arbitration Association, LLC — the same LLC that prepared Shaffer's "award" — and signed by Marina Akrabian and Ismael Rodriguez — two of the three "arbitrators" that sign Shaffer's "award."  Shaffer's attempt to enforce her putative "arbitration award" evinces bad faith and warrants a sanction.

To compensate the firm for defending against Shaffer's frivolous petition, RAS moves for an attorney's fee of $8,750, which comprises 12.5 hours of work at an hourly rate of $700.  In response, Shaffer offers more of the "uninformative blatherskite" that filled the pages of the "arbitration award."  But other than a brief claim of health and money problems and her implausible claim that she is "a victim," Shaffer offers no reason why an order should not impose an attorney's fee to compensate RAS for defending this frivolous action.  Also, Shaffer fails to rebut or otherwise question the rate and number of hours claimed by RAS's counsel.

Under *Norman v. Housing Authority of City of Montgomery*, 836 F.2d 1292 (11th Cir. 1988), an attorney's fee is determined by calculating a "lodestar," the product of a reasonable hourly rate multiplied by the hours reasonably expended.  "The 'fee applicant bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates.'"  *Am. C.L. Union of Georgia v. Barnes*, 168 F.3d 423 (11th Cir. 1999) (quoting *Norman*, 836 F.2d at 1303).  "A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation."  *Norman*, 836 F.2d at 1299.  *Norman* explains that the calculation of the "lodestar" "presumptively includes all of the twelve factors . . . adopted in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir.1974)[]" and that the factors "have utility in establishing the hourly rate."  These factors include:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee in the community; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorney; (10) the "undesirability" of the case; (11) the nature and length of any professional relationship with the client; and (12) awards in similar cases.

*Fierro v. Beaches Sandbar, Inc.*, 2007 WL 4247793, at *2 (M.D. Fla. 2007) (Conway, J.) (adopting and confirming report and recommendation).

RAS submits a declaration of counsel and an invoice to establish the hours worked, which hours appear reasonable for this action.  However, to support the request for a $700 hourly rate, RAS cites only *First National Bank of Oneida, N.A. v.*

- 3 -

*Brandt*, 2021 WL 2856626 (M.D. Fla. 2021) (Sansone, M.J.).  *Brandt* approves an hourly rate of $705.00 for a lawyer with more than thirty years of experience and an hourly rate of $650.75-$669.75 for a lawyer with more than twenty years of experience.  Importantly, fee awards differ based on the type of action, and *Brandt* awards an attorney's fee for an action that is longer and more complex than this action.  A careful review of this action, the *Johnson* factors, and other decisions in this district establishes that under these circumstances $500 is a reasonable hourly rate to compensate RAS, whose counsel is a lawyer with more than twenty years of experience.  *See GS Holistic, LLC v. Brother Pastor LLC*, 2023 WL 5720708 (M.D. Fla. 2023) (Covington, J.) (approving in an action in which a plaintiff attempted to prosecute a baseless claim an hourly rate of $500 for a lawyer with twenty-three years of experience).  Multiplying the $500 hourly rate by the 12.5 hours worked by counsel yields a "lodestar" of $6,250.  As *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 553–54 (2010), explains, a "strong presumption" exists that the "lodestar" is a reasonable fee.

For these reasons and others stated by RAS, the motion (Doc. 22) for an attorney's fee is **GRANTED-IN-PART**.  The clerk is directed to enter in favor of Robertson, Anschutz, Schneid, Crane & Partners and against Shaffer a judgment for an attorney's fee of $6,250.

ORDERED in Tampa, Florida, on January 24, 2024.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE

- 4 -